## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

IN RE:                                                    CASE NO.: 8:19-bk-11603-RCT
                                                                           CHAPTER 7

**Robert Albert Kirschner,**

      **Debtor,**

_____/

## MOTION FOR RELIEF FROM AUTOMATIC STAY
### (*Final Judgment of Foreclosure Obtained*)

---

**NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST FOR HEARING**

**Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within twenty-one (21) days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.**

**If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Suite 555, Tampa, Florida 33602 and serve a copy on the movant's attorney, Attorney for Secured Creditor, at Robertson, Anschutz & Schneid, PL, 6409 Congress Ave., Suite 100, Boca Raton, FL 33487, and any other appropriate persons within the time allowed.  If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.**

**If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

---

Secured Creditor, THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK as Trustee for FIRST HORIZON MORTGAGE PASS-THROUGH TRUST 2007-2, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1.  Debtor(s), Robert Albert Kirschner, filed a voluntary petition pursuant to Chapter 7 of the

United States Bankruptcy Code on December 9, 2019.

2.  Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C.
    § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and
    statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3.  Secured Creditor hereby waives the requirements of 11 U.S.C. § 362(e). The automatic
    stay of any act against property of the estate under § 362(a) shall continue until this Court
    orders or the stay is otherwise terminated by operation of law.

4.  Secured Creditor filed a foreclosure complaint against the Debtor(s) on March 3, 2017 in
    the Circuit Court for the Twelfth Judicial Circuit in and for Sarasota County, Case
    Number: 17-CA-001104-NC, due to the default under the terms of the Note and
    Mortgage securing Secured Creditor's interest in certain real property legally described
    as:

    **Unit 101, ESSEX HOUSE, a Condominium according to the Declaration of
    Condominium recorded in Official Records Book 1045, Page 1504, and amendments
    thereof and as per plat thereof; recorded in Condominium Book 8, Page 5 and
    amendments thereto of the Public Records of Sarasota County, Florida.**

    This property is located at the street address of: 707 S. Gulfstream Avenue S #101,
    Sarasota, FL 34236.

5.  A Final Judgment of Foreclosure ("Judgment") was entered against the Debtor(s) on
    November 21, 2019 in the amount of $625,957.66. A true and accurate copy of the
    Judgment attached hereto as Exhibit "A." The Judgment has not been satisfied by the
    Debtor(s).

6.  The appraised value of the property is $366,500.00.  See Exhibit "B" which is attached
    hereto and permissible as a property valuation under Fed. R. Evid. 803(8).  The subject

property is also encumbered by additional liens in the amount of $93,961.43.

7.  Based upon the Debtor(s)' schedules, the property is surrendered and claimed as non-exempt.  The Trustee has not abandoned the property.

8.  Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor(s)' failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest.  Secured Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

9.  If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

10. Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this cause pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral.  The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

11. Once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

12. Secured Creditor has incurred court costs and attorney's fees in this proceeding and will

incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the mortgage.  Secured Creditor seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

13. A Proposed Order accompanies this Motion.  See Exhibit "C" attached hereto.

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and to any such further relief as this Honorable Court deems just and appropriate.

Date: December 31, 2019

ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
Attorney for Secured Creditor
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-241-1969
By: /s/ Christopher P. Salamone
Christopher P. Salamone, Esquire
Florida Bar Number 75951
Email: csalamone@rasflaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 31, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and a true and correct copy has been served via CM/ECF or United States Mail to the following parties:

Robert Albert Kirschner
9550 Dyer Street
Apt. 1052
El Paso, TX 79924

Christine L Herendeen
PO Box 152348
Tampa, FL 33684

United States Trustee - TPA7/13
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602

ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
Attorney for Secured Creditor
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-241-1969
By: /s/ Christopher P. Salamone
Christopher P. Salamone, Esquire
Florida Bar Number 75951
Email: csalamone@rasflaw.com

**EXHIBIT "A"**

RECORDED IN OFFICIAL RECORDS
INSTRUMENT # 2019160816   6   PG(S)

11/21/2019 3:54 PM
KAREN E. RUSHING
CLERK OF THE CIRCUIT COURT
SARASOTA COUNTY, FLORIDA
CIVIL COURTS                    Receipt # 2450221

**IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION**

THE BANK OF NEW YORK MELLON f/k/a
THE BANK OF NEW YORK AS TRUSTEE
FOR FIRST HORIZON MORTGAGE PASS-
THROUGH TRUST 2007-2,

     **Plaintiff,**

**v.**                                      **Case No.  2017-CA-001104-NC**

ROBERT A. KIRSCHNER, et al.,

     **Defendants.**

_____/

## UNIFORM FINAL JUDGMENT OF MORTGAGE FORECLOSURE

*This form substantially complies with Form 1.996, adopted by the Florida Supreme Court
February 11, 2010, SC09-1579; form amended in 12ᵗʰ Circuit on 7/01/2019.*

     This action came before the Court on November 21, 2019 for trial. Based on the evidence presented, **IT IS ADJUDGED:**

1.     Plaintiff The Bank of New York Mellon f/k/a The Bank of New York as Trustee for First Horizon Mortgage Pass-Through Trust 2007-2, whose address c/o Nationstar Mortgage LLC, d/b/a Mr. Cooper, 8950 Cypress Waters Blvd, Coppell, TX 75019, is due:

| Description | Amount |
|---|---|
| Principal Balance as Set Forth in the Final Judgment Entered April 24, 2015 | $509,141.44 |
| Statutory Interest (Fla. Stat.§55.03) | |
| • 4.75% from 04/25/15 – 12/31/15 ($66.26 X 250 days) | • $ 16,565.00 |
| • 4.75% from 01/01/16 – 03/31/16 ($66.26 X 68 days) | • $ 4,505.68 |
| • 4.78% from 04/01/16 – 06/30/16 ($66.68 X 90 days) | • $ 6,001.20 |
| • 4.84% from 07/01/16 – 09/30/16 ($67.51 X 91 days) | • $ 6,143.41 |
| • 4.91% from 10/01/16 – 12/31/16 ($68.49 X 91 days) | • $ 6,232.59 |
| • 4.97% from 01/01/17 – 06/30/17 ($69.33 X 180 days) | • $ 12,479.40 |
| • 5.17% from 07/01/17 – 09/30/17 ($72.12 X 91 days) | • $ 6,562.92 |
| • 5.35% from 10/01/17 – 12/31/17 ($74.63 X 91 days) | • $ 6,791.33 |
| • 5.53% from 01/01/18 – 03/31/18 ($77.14 X 89 days) | • $ 6,865.46 |
| • 5.72% from 04/01/18 – 06/30/18 ($79.79 X 90 days) | • $ 7,181.10 |
| • 5.97% from 07/01/18 – 09/30/18 ($83.28 X 91 days) | • $ 7,578.48 |
| • 6.09% from 10/01/18 – 12/31/18 ($84.95 X 91 days) | • $ 7,730.45 |

Version: July 1, 2019

50843102;2

The Bank of New York Mellon, as Trustee v. Robert A. Kirschner, et al.
Case No. 2017-CA-001104-NC
Uniform Final Judgment of Mortgage Foreclosure

| | |
|---|---|
| • 6.33% from 01/01/19 – 03/31/19 ($88.30 X 89 days) | • $ 7,858.70 |
| • 6.57% from 04/01/19 – 06/30/19 ($91.65 X 90 days) | • $ 824.85 |
| • 6.77% from 07/01/19 – 09/30/19 ($94.44 X 91 days) | • $ 8,594.04 |
| • 6.89% from 10/01/19 – 11/21/19 ($96.11 X 51 days) | • $ 4,901.61 |
| **Subtotal Statutory Interest** | $116,816.22 |
| Title Search Expenses | |
| Taxes | |
| Attorneys' Fees | RESERVED |
|   Finding as to reasonable number of hours | |
|   Finding as to reasonable hourly rate: | |
|     Attorneys' Fee Total | |
| Court Costs, now taxed | RESERVED |
| Escrow Advances | |
| Other: | |
| Other: | |
| Other: | |
| Other: | |
| **Subtotal** | $625,957.66 |
| | |
| Less: Escrow Balance | |
| Less: Other | |
| **Total** | **$625,957.66** |

that shall bear interest at the rate of **6.89%** a year.

2.     Plaintiff holds a lien for the total sum superior to all claims or estates of Defendants on the following described property (the "Property") in Sarasota County, Florida:

        **Unit 101, ESSEX HOUSE, a Condominium according to the Declaration of Condominium recorded in Official Records Book 1045, Page 1504, and amendments thereof and as per plat thereof; recorded in Condominium Book 8, Page 5 and amendments thereto of the Public Records of Sarasota County, Florida.**

        **Property Address: 707 S. Gulfstream Avenue S #101, Sarasota, Florida 34236**

3.     If the total sum with interest at the rate described in Paragraph 1 and all costs accrued subsequent to this Judgment are not paid, the Clerk of this Court shall sell the Property at Public Sale as set forth below to the highest bidder for cash, on a specified day that shall be not less than 20 days or more than 35 days after the date thereof unless plaintiff or plaintiff's attorney consents to more than 35 days after the date of final judgment, in accordance with Section 45.031, *Florida Statutes*, using the following method:

Version: July 1, 2019

50843102;2

The Bank of New York Mellon, as Trustee v. Robert A. Kirschner, et al.
Case No. 2017-CA-001104-NC
Uniform Final Judgment of Mortgage Foreclosure

| Sales Information | Date (Clerk Inserts) | Time | Location |
|---|---|---|---|
| Sarasota County | December 26, 2019 | 9:00 a.m. | Foreclosure sales conducted via internet: www.sarasota.realforeclose.com |
| Manatee County | | 11:00 a.m. | Foreclosure sales conducted via internet: www.manatee.realforeclose.com |
| DeSoto County | | 11:00 a.m. | DeSoto County Courthouse 115 Oak Street, Arcadia, Florida 34266 www.desotoclerk.com |

4.      Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the Property for sale, provided, however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title.  If Plaintiff is the purchaser, the Clerk shall credit Plaintiff's bid with the total sum with interest and costs accruing subsequent to this Judgment, or such part of it as is necessary to pay the bid in full.

5.      On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of Plaintiff's costs; second, documentary stamps affixed to the Certificate; third, Plaintiff's attorneys' fees; fourth, the total sum due to Plaintiff, less the items paid, plus interest at the rate prescribed in Paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court.

6.      On filing the Certificate of Sale, Defendants and all persons claiming under or against Defendants since the filing of the notice of lis pendens, shall be foreclosed of all estates or claims in the Property, except as to claims or rights under Chapter 718 or Chapter 720, *Florida Statutes*, if any.  Upon filing the Certificate of Title, the person named on the Certificate of Title shall be let into possession of the property.  If any Defendants remain in possession of the property, the Clerk shall without further order of the Court issue forthwith a Writ of Possession upon request of the person named on the Certificate of Title.

**NOTICE:  Issuance of a Writ of Possession does not exempt Plaintiff from complying with federal law requiring notice for tenants residing on foreclosed property.  To insure compliance with federal law, Plaintiff should consult with counsel before serving the Writ of Possession.**

7.      Jurisdiction of this action is retained to enter further orders that are proper including, without limitation, a deficiency judgment.

Version: July 1, 2019

50843102;2

The Bank of New York Mellon, as Trustee v. Robert A. Kirschner, et al.
Case No. 2017-CA-001104-NC
Uniform Final Judgment of Mortgage Foreclosure

8.      **Additions, Modifications, or Changes to Standard Form**

Any additions, modifications, or changes to the provisions above may only be set forth in this paragraph.

a.      **Plaintiff's lien is superior to all recorded interests, and is superior to all interests recorded after the recording of Plaintiff's lis pendens for this action.**

b.      **Final Judgment of Foreclosure is entered against defendants Robert A. Kirschner and Essex House Association, Inc., and defaulted defendants Unknown Tenant in Possession #1 n/k/a Carlos Feliz and Unknown Tenant in Possession #2 n/k/a Wally Kuulesa; upon all of whom service of process has been duly and regularly obtained.**

c.      **Jurisdiction of this action is retained to enter further orders that are proper including, without limitation, any motion for re-foreclosure or plaintiff's motion for attorney's fees and costs as a prevailing party under the terms of the mortgage; and motion or proceedings on amounts due under Chapter 718, or Chapter 720, Florida Statutes, if any.**

**NOTICE PURSUANT TO SECTION 45.031, FLORIDA STATUTES (2006).**

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIEN HOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN THE DATE THAT THE CLERK REPORTS THE FUNDS AS UNCLAIMED. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

*If the property has qualified for the homestead tax exemption in the most recent approved tax roll, also include the following two paragraphs:*

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH EITHER THE CLERK OF COURT FOR YOUR COUNTY WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

Version: July 1, 2019

50843102;2

The Bank of New York Mellon, as Trustee v. Robert A. Kirschner, et al.
Case No. 2017-CA-001104-NC
Uniform Final Judgment of Mortgage Foreclosure

| Sarasota County Clerk of Court | Manatee County Clerk of Court | DeSoto County Clerk of Court |
|---|---|---|
| 2000 Main Street<br>Sarasota, FL 34237<br>(941) 861-7400<br>www.sarasotaclerk.com | 1115 Manatee Ave W<br>Bradenton, FL 34205<br>(941) 749-1800<br>www.manateeclerk.com | 115 East Oak Street<br>Arcadia, FL 34266<br>(863) 993-4876<br>www.desotoclerk.com |

      IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT THE LOCAL LEGAL SERVICES LISTED BELOW TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT ONE OF THE SERVICES LISTED BELOW, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

| Sarasota County | Manatee County | DeSoto County |
|---|---|---|
| **Legal Aid of Manasota**<br>**Sarasota Office**<br>1900 Main Street, Suite 302<br>Sarasota, FL 34236<br>(941) 366-0038<br><br>**Venice Office**<br>7810 S. Tamiami Trail<br>Suite A6<br>Venice, FL 34293<br>(941) 492-4631<br><br>**Gulfcoast Legal Services**<br>1750 17th Street, Bldg. 1<br>Sarasota, FL 34236<br>(941) 366-1746<br>www.gulfcoastlegal.org | **Legal Aid of Manasota**<br>1101 6th Avenue West<br>Bradenton, FL 34205<br>(941) 747-1628<br>www.gulfcoast.org<br><br>**Gulfcoast Legal Services**<br>430 12th Street West<br>Bradenton, FL 34205<br>(941) 746-6151<br>www.gulfcoastlegal.org | Fla. Rural Legal Services<br>3210 Cleveland Ave, Suite A<br>Ft. Myers, FL 33901<br>(800) 476-8937<br>www.flrs.org |

Version: July 1, 2019

50843102;2

The Bank of New York Mellon, as Trustee v. Robert A. Kirschner, et al.
Case No. 2017-CA-001104-NC
Uniform Final Judgment of Mortgage Foreclosure

DONE AND ORDERED in Sarasota, Sarasota County, Florida, this
_November 21, 2019_ -

_____
JUDGE

Copies to:
**Case No. 2017-CA-001104-NC**

**Hallie S. Evans, Esquire,** Akerman LLP, 401 E. Jackson Street, Suite 1700, Tampa, Florida 33602-5250
**Robert A. Kirschner, Pro Se,** 707 S. Gulfstream Avenue, Unit 101, Sarasota, FL 34236
**Matthew D. Morton, Esquire,** McCalla Raymer Leibert Pierce, LLC, 225 E. Robinson Street, Suite 155, Orlando, FL 32801
**Carolyn C. Meadows, Esquire,** Becker & Poliakoff, P.A., One E. Broward Blvd., Suite 1700, Fort Lauderdale, FL 33301
**Unknown Tenant in Possession #1 n/k/a Carlos Feliz,** 707 S. Gulfstream Avenue, Unit 101, Sarasota, FL 34236
**Unknown Tenant in Possession #2 n/k/a Wally Kuulesa,** 707 S. Gulfstream Avenue, Unit 101, Sarasota, FL 34236

Version: July 1, 2019

Page 6 of 6

50843102;2

**EXHIBIT "B"**

**Bill Furst**
SARASOTA COUNTY
PROPERTY APPRAISER

**Property Record Information fo** ▌▌▌▌▌

| | |
|---|---|
| **Ownership:** | |
| KIRSCHNER ROBERT A | |
| 707 S GULFSTREAM AVE UNIT 101, SARASOTA, FL, 34236-7701 | |
| **Situs Address:** | |
| 707 S GULFSTREAM AVE #101 SARASOTA, FL, 34236 | |

| | |
|---|---|
| **Land Area:** | 0 Sq.Ft. |
| **Municipality:** | City of Sarasota |
| **Subdivision:** | 7271 - ESSEX HOUSE |
| **Property Use:** | 0405 - CONDO - Hi-Rise 7+ Stories |
| **Status** | OPEN |
| **Sec/Twp/Rge:** | 30-36S-18E |
| **Census:** | 121150001011 |
| **Zoning:** | DTB - DOWNTOWN BAYFRONT |
| **Total Living Units:** | 1 |
| **Parcel Description:** | UNIT 101 ESSEX HOUSE |

# Buildings

| Situs - click address for building details ⓘ | Bldg # | Beds | Baths | Half Baths | Year Built | Eff Yr Built ⓘ | Gross Area | Living Area | Stories |
|---|---|---|---|---|---|---|---|---|---|
| 707 S GULFSTREAM AVE #101 SARASOTA, FL, 34236 | 1 | 2 | 2 | 0 | 1974 | 2006 | 1,338 | 1,247 | 1 |

# Extra Features

| line # | Building Number | Description | Units | Unit Type | Year |
|---|---|---|---|---|---|
| 1 | 1 | Under Bldg Detached - CONDO | 1 | UT | 1974 |

# Values

| Year | Land | Building | Extra Feature | Just | Assessed | Exemptions | Taxable | Cap ⓘ |
|---|---|---|---|---|---|---|---|---|
| 2019 | $0 | $362,900 | $3,600 | $366,500 | $366,500 | $0 | $366,500 | $0 |
| 2018 | $0 | $380,700 | $2,000 | $382,700 | $382,700 | $0 | $382,700 | $0 |
| 2017 | $0 | $380,700 | $2,000 | $382,700 | $382,700 | $0 | $382,700 | $0 |
| 2016 | $0 | $380,700 | $2,300 | $383,000 | $290,449 | $50,000 | $240,449 | $92,551 |
| 2015 | $0 | $339,200 | $2,300 | $341,500 | $288,430 | $50,000 | $238,430 | $53,070 |
| 2014 | $0 | $329,300 | $2,200 | $331,500 | $286,141 | $50,000 | $236,141 | $45,359 |
| 2013 | $0 | $299,400 | $2,000 | $301,400 | $281,912 | $50,000 | $231,912 | $19,488 |
| 2012 | $0 | $277,200 | $0 | $277,200 | $277,200 | $50,000 | $227,200 | $0 |
| 2011 | $0 | $284,300 | $0 | $284,300 | $284,300 | $50,000 | $234,300 | $0 |
| 2010 | $0 | $318,500 | $0 | $318,500 | $318,500 | $50,000 | $268,500 | $0 |

# Current Exemptions

There are no exemptions associated with this parcel

# Sales & Transfers

| Transfer Date | Recorded Consideration | Instrument Number | Qualification Code | Grantor/Seller | Instrument Type |
|---|---|---|---|---|---|
| 2/9/2007 | $598,800 | 2007023975 | 01 | WILLIAMSON,BOBBY G | WD |
| 9/30/2005 | $509,900 | 2005236537 | 01 | FLEISCHMAN,DEAN L | WD |
| 9/1/1977 | $48,000 | 1200/65 | 01 | | NA |

# Associated Tangible Accounts

There are no associated tangible accounts for this parcel

**Property record information last updated on: 12/26/2019**

FEMA Flood Zone (Data provided by Sarasota County Government as of 12/23/2019)

# EXHIBIT "C"

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmb.uscourts.gov**

IN RE:                                                    CASE NO.: 8:19-bk-11603-RCT
                                                                              CHAPTER 7

Robert Albert Kirschner,

      Debtor,

_____/

### ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

      THIS CASE came on consideration without a hearing on THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK as Trustee for FIRST HORIZON MORTGAGE PASS-THROUGH TRUST 2007-2's ("Secured Creditor") Motion for Relief from Stay (Docket No. ##). No appropriate response has been filed in accordance with Local Rule 2002-4. Accordingly, it is:

      **ORDERED:**

1. Secured Creditor's Motion for Relief from Automatic Stay is GRANTED.

2. The automatic stay imposed by 11 U.S.C. § 362 is terminated as to the Secured Creditor's

1

interest in the following property located at 707 S. Gulfstream Avenue S #101, Sarasota, FL 34236 in Sarasota County, Florida, and legally described as:

Unit 101, ESSEX HOUSE, a Condominium according to the Declaration of Condominium recorded in Official Records Book 1045, Page 1504, and amendments thereof and as per plat thereof; recorded in Condominium Book 8, Page 5 and amendments thereto of the Public Records of Sarasota County, Florida.

3. The Order Granting Relief from Stay is entered for the sole purpose of allowing Secured Creditor to exercise any and all *in rem* remedies against the property described above. Secured Creditor shall not seek an *in personam* judgment against Debtor(s).

4. Secured Creditor is further granted relief in order to contact the Debtor(s) by telephone or written correspondence in order to discuss the possibility of a forbearance agreement, loan modification, refinance agreement or loan workout/loss mitigation agreement.

5. The Secured Creditor's request to waive the 14-day stay period pursuant to Bankruptcy Rule 4001(a)(3) is granted.

6. Attorneys' fees in the amount of $345.00 and costs in the amount of $181.00 are awarded for the prosecution of this Motion for Relief from Stay, but are not recoverable from the Debtor(s) or the Debtor(s)' Bankruptcy estate.

7. This Court makes no determination that the Debtor has defaulted on the underlying obligation.

### 

Attorney, Christopher P. Salamone, is directed to serve a copy of this order on interested parties that do not receive electronic notice via CM/ECF and file a proof of service within 3 days of entry of the order.